**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EUGENE ZOGLIO** <br> 760 South River Landing Road <br> Edgewater, Maryland 21037 <br><br>     **Plaintiff,** <br><br>   v. <br><br> **STEVEN MNUCHIN, SECRETARY** <br> **U.S. DEPARTMENT OF THE TREASURY** <br> **OFFICE OF D.C. PENSIONS** <br><br> **SERVE:**    **Channing D. Phillips** <br>                **United States Attorney for the** <br>                  **District of Columbia** <br>                **United States Attorney's Office** <br>                **555 4th Street, N.W.** <br>                **Washington, D.C. 20530** <br><br>                **and** <br><br>                **Jeff Sessions** <br>                **Attorney General** <br>                **U.S. Department of Justice** <br>                **950 Pennsylvania Avenue, N.W.** <br>                **Room B103** <br>                **Washington, D.C. 20530-0001** <br><br>                **and** <br><br>                **Nancy A. Ostrowski** <br>                **Director, Office of D.C. Pensions** <br>                **U.S. Department of the Treasury** <br>                **1500 Pennsylvania Avenue, N.W.** <br>                **Washington, D.C. 20220** <br><br>     **Defendant.** | **Case No.** |

# COMPLAINT FOR REESTABLISHMENT
# OF DISABILITY PENSION ANNUITY UNLAWFULLY DENIED

## Introduction

This is an action against the U.S. Department of Treasury, Office of D.C. Pensions ("ODCP") for unlawfully denying plaintiff, a retired Metropolitan Police Department ("MPD") Lieutenant, reestablishment of the disability pension annuity to which he is entitled by law. ODCP's refusal to reestablish plaintiff's annuity is arbitrary, capricious, continuing and in violation of controlling statutes and regulations and contrary to judicial precedent.

## Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331(a)(1); Public Law 105-33, Title IX, Sec. 11071(a) and 11072(a), (the National Capital Revitalization and Self-Government Improvement Act of 1997); 31 C.F.R.§ 29.406; and D.C. Code § 5-701 et seq., (the District of Columbia Police Officers and Firefighters Retirement Plan - "the Plan") and regulations implementing the Plan.

## Parties

2. Plaintiff is a retired "member" of MPD and thus is a "beneficiary" of the Plan.

3. Defendant, ODCP, is an agency of the United States Government, Department of the Treasury.

## Statement of Relevant Facts

4. Plaintiff was born on November 5, 1936. He was appointed as an MPD Officer on March 10, 1958. Over the next twelve years, plaintiff rose to the rank of Lieutenant. On October 1, 1970 he was retired by the Police and Firefighters Retirement and Relief Board

("PFRRB"), pursuant to D.C. Code § 4-616 (now D.C. Code 5-710(a)), for "anxiety disorder" (PTSD) aggravated by the performance of duty. As a disability retiree, plaintiff was required to report his annual earned income and be subject to physical examinations until he reached the age of 50, pursuant to D.C. Code 4-620 (now D.C. Code 5-714 (a)(2)).

5. In 1984 PFRRB determined that plaintiff's "earning capacity had been restored" to 80% of his MPD salary, so his disability retirement annuity should "cease" pursuant to the provisions of D.C. Code § 4-620(a)(1)(C) and (a)(2) (currently D.C. Code § 5-714(a)(1) and (2)). Accordingly, plaintiff's annuity was discontinued effective May 27, 1984.

6. By letter dated December 5, 2014, plaintiff requested that the District of Columbia Retirement Board ("DCRB") reestablish his annuity on the grounds that his earning capacity for 2014 had fallen below the 80% statutory limitation of D.C. Code § 4-620(2), (now D.C. Code § 5-714(a)(2).

7. In response to plaintiff's request to have his annuity reestablished, by letter dated June 9, 2015, DCRB informed plaintiff that he was entitled to receive a Deferred Retirement annuity of $631 per month, retroactive to November 5, 1991.

8. By letter dated July 2, 2015, DCRB denied plaintiff's request to have his disability annuity reestablished on the grounds that he was not eligible for a "Deferred Retirement benefit" because he had been appointed to MPD prior to February 15, 1980. DCRB referred plaintiff to PFRRB regarding "any request for consideration of a disability pension."

9. By Order dated September 25, 2015, PFRRB dismissed plaintiff's request for reestablishment of his disability retirement annuity on the grounds that PFRRB did not have

jurisdiction to grant the relief plaintiff requested. PFRRB stated that jurisdiction to reestablish plaintiff's disability retirement annuity was with DCRB.

10. By letter dated October 1, 2015, DCRB informed plaintiff: (1) that he was mistakenly referred to PFRRB; (2) that because he retired in 1970 any benefits he might be entitled to were governed by the Plan provisions that were in effect at the time of his retirement; (3) that his benefits were the responsibility of ODCP; and (4) that DCRB was the benefits administrator for ODCP. DCRB informed plaintiff that his request for reestablishment of his disability retirement annuity would be treated as a "request for reconsideration of a benefit denial under 31 CFR § 29.404(b)."

11. By letter dated October 30, 2015, DCRB denied plaintiff's "request for reconsideration" on the grounds that plaintiff failed to show that his "earned income for CY 14 was below the statutory earnings threshold." The DCRB decision also stated that "Retired disability annuitants who are under age 50 are required to submit to annual medical exams and earned income reviews to prove their continued eligibility to receive a disability annuity. An annuitant under age 50 is no longer considered eligible if the annuitant's outside earned income from employment, including self-employment, is equal to at least eighty percent (80%) of the current rate of pay of the position the annuitant occupied at retirement for any calendar year after retirement. Annuitants who are subject to review who had their annuity terminated due to restoration to earning capacity may have their annuity reinstated if they fall below earning capacity for any full calendar year after their annuity is terminated. D.C. Code § 4-620(a) (1981)." The October 30, 2015 DCRB decision stated that it could be appealed to ODCP. At the time the DCRB decision letter was written, plaintiff was 78 years old.

12. On November 24, 2015, plaintiff, by counsel, appealed the DCRB decision to ODCP. The appeal included documentation - 21 exhibits, including tax returns for 2013 and 2014.

13. By letter dated March 25, 2016, ODCP requested additional information - tax returns for 2015 and supporting schedules for the 2013 and 2014 tax returns. The requested information was provided by letter dated April 18, 2016.

14. By letter dated November 8, 2016, ODCP requested that plaintiff undergo a physical examination and provide detailed medical documentation to establish that he "is currently suffering from the disabling illness/injury he incurred while employed by the Metropolitan Police Department prior to his disability retirement, and that this has caused a reduction in his earning capacity below the statutory threshold."

15. By letter dated November 30, 2016, plaintiff, by counsel, informed ODCP that the medical information requested was not relevant to the issue of reestablishment of his annuity - that plaintiff was 80 years old and regardless of his health, he would not be restored to duty as an MPD Lieutenant. Plaintiff repeated that the only relevant issue was whether his income for 2014 fell below the 80% statutory limitation.

16. By letter dated March 24, 2017, ODCP denied plaintiff's request for reestablishment of his annuity on the grounds that he failed to establish both that his earning capacity fell below the 80% statutory limitation and that he continued to be medically disabled.

**Count I - Violation of D.C. Code § 5-714**

17. Defendant's failure and refusal to reestablish plaintiff's annuity pursuant to the provisions of the Plan set forth in D.C. Code § 5-714(a)(2) is a violation of controlling District of

Columbia statutory and regulatory law, as consistently interpreted by the District of Columbia Court of Appeals through the years, and is arbitrary, capricious and unlawful.

WHEREFORE, plaintiff demands judgment against defendant for all annuity benefits wrongfully withheld, and issuance of an order directing defendant to pay such monthly annuity benefits retroactively and prospectively, with interest, and any other payments and fees required or allowed by law, and costs of this proceeding.

DESO & BUCKLEY, P.C.

By: /s/ Robert E. Deso
Robert E. Deso, DCBN 174185
1776 K St., N.W.
Suite 830
Washington. D.C. 20006
(202) 822-6333
(202) 478-2181 - Fax
redeso@dtswlaw.com
Attorney for Plaintiff, Eugene M. Zoglio